UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>ALKA PATEL (2),<br>HETAL BAROT (3),<br>SACHIN BAROT (4),<br>BHAVESH PATEL (5), and<br>DARSHAN PATEL (6),<br><br>　　　　　Defendants. | No. 2:17-CR-00034-JTR-2<br>No. 2:17-CR-00034-JTR-3<br>No. 2:17-CR-00034-JTR-4<br>No. 2:17-CR-00034-JTR-5<br>No. 2:17-CR-00034-JTR-6<br><br>ORDER DENYING DEFENDANTS'<br>MOTION FOR<br>RECONSIDERATION<br><br>**ECF No. 147** |

On Wednesday, March 22, 2017, Defendants appeared, in custody, with their attorneys: Steve Hormel on behalf of Alka Patel; Nick Vieth on behalf of Hetal Barot; Phillip Wetzel on behalf of Sachin Barot; Gordon Stoa on behalf of Bhavesh Patel; and Mike Felice on behalf of Darshan Patel. The Defendants were assisted by court certified interpreter Dhaval Brahmbhatt. Assistant United States Attorney Russ

ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION - 1

Smoot represented the United States.

Upon Motion of the Defendants, ECF No. 147, the Court conducted a detention hearing in reconsideration of the Court's previous orders of detention (ECF Nos. 123, 124, 125, 126, 127).

The Court considered the Pretrial Services Reports and the Supplemental Pretrial Services Reports (ECF Nos. 86, 87, 90, 91, 94, 149, 150, 151, 152, 153) and the counsels' arguments. To decide whether conditions of release would reasonably assure the Defendants' appearance in court and the safety of the community, the Court considered and evaluated the four factors outlined in 18 U.S.C. § 3142(g):

1. The nature and circumstances of the offense;
2. The weight of the evidence against the Defendant;
3. The history and characteristics of the Defendant; and
4. The nature and seriousness of the danger the Defendant would present to the community if released.

The Court finds the following:

**FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION**

☐  Pursuant to 18 U.S.C. § 3142(e), there is a rebuttable presumption that the Defendant is a flight risk and a danger to the community based on the nature of the pending charge. Application of the presumption is appropriate in this case.

ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION - 2

Defendant has not rebutted the presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community and/or no condition or combination of conditions will reasonably assure the appearance of the Defendant as required.

☒　　This is not a rebuttable presumption case; however, the case is eligible for a detention hearing under 18 U.S.C. § 3142(f)(2).  There is a serious risk that the Defendants will not appear.

Here, the Court previously detained Defendants finding the United States established by a preponderance of the evidence that Defendants were a risk of non-appearance or flight.  ECF Nos. 123, 124, 125, 126, 127.  Defendants jointly moved to reopen the detention proceedings because Defendants secured temporary housing, which would be shared by all Defendants.  ECF Nos. 147, 148.[1]

In terms of the statutory factors, Defendants are each charged with a single count of Improper Entry by an Alien, in violation of 8 U.S.C. § 1325(a)(1).  The offense is a misdemeanor, the maximum penalty for which is six months, which

---

[1] Detention or release assessments are individualized determinations for each specific Defendant.  Here, Defendants presented a joint motion and counsel presented joint arguments on behalf of all Defendants.  The Court will address all five matters in a joint order.

ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION - 3

typically weighs in favor of release. However, the nature and circumstances of the charge concerns the Court regarding Defendants' risk of non-appearance. In particular, Defendants are alleged to have entered the United States illegally, through an unauthorized border crossing, via the use of a hired smuggler. What became apparent during the hearing is a broader course of conduct exists which relates to the risk of flight or nonappearance. It appears that Defendants departed India illegally and entered Canada illegally before the charged conduct occurred (the alleged crossing from Canada to the United States).[2] While the charged offense might be only a misdemeanor, the surrounding conduct gives the Court concern that no conditions could be set to keep the Defendants from engaging in conduct similar to the charged conduct and absconding back to Canada or to another country before facing the pending charges.

As to the weight of the evidence, according to the Complaint (ECF Nos. 16, 28, 40, 52, 64) and the United States' proffer, United States Border Patrol agents using remote surveillance cameras identified individuals illegally entering the United States in a remote area, which is known for illegal crossings. When agents arrived to investigate, they found multiple sets of recent footprints in the snow

---

[2] Defendants argued they intend to seek asylum and asserted they fear persecution from Indian government officials if returned to India because they departed illegally.

ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION - 4

crossing the border.  The remote surveillance identified a particular vehicle in the vicinity, which appeared to be waiting to pick up the subjects.  When agents stopped the vehicle, all Defendants and their alleged hired smuggler, co-defendant Khan,[3] were present in the vehicle.  Kahn admitted he picked up Defendants after they crossed the border.  Subsequently, Defendants admitted they were from India.  Agents were able to determine that Defendants were Indian citizens and had no authority to be present in the United States.  When Defendants were located in the vehicle, they were dressed in several layers of clothing, which were wet up to their knees, consistent with travel through deep snow.  While the least important factor according to the Ninth Circuit, the weight of the evidence against Defendants appears to be strong.  The strength of the evidence, coupled with the potential immigration consequences stemming if a conviction were to result, provide a substantial incentive to fail to appear at future court proceedings.

      The Court also considered the history and characteristics of these Defendants.  According to the proffer, Defendants were encountered by law enforcement shortly after their entry in the United States.  None of the Defendants

---

[3] Mohammed Khan was charged as a co-defendant. ECF No. 76.  Since he is charged with a felony, his criminal matter has been assigned to a district judge.  Khan was previously detained. ECF Nos. 133, 144.

ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION - 5

have any ties to this District or any community in the United States. Defendants have never lived in the United States; have no family,[4] friends, or associates in the United States; have no residential or work history in the United States; they have no property in the United States. Defendants do not have the ability to work or support themselves if released while the charges are pending. While they have secured housing through local charitable organizations, it appears that housing is of limited or temporary duration. This is not a sufficient fact to overcome the lack of ties to the United States. There does not appear to be any tie which would incentivize Defendants to remain in this District or the United States to face the pending charges.

Moreover, all Defendants have substantial ties to a foreign country. Each Defendant is a citizen of India and until quite recently was a resident of India. Little is known regarding their family contacts. However, Bhavesh Patel's mother, wife, and child reside in India. ECF No. 87.

Defendants have argued that they have an incentive to remain in the United States because they intend to file asylum claims. As discussed during the hearing, there is substantial uncertainty regarding the likelihood of success on such a claim. As a result, the Court finds this asserted intent is insufficient to overcome the lack of ties in the United States. The Court notes that this is not an instance where the

---

[4] Codefendants Hetal Barot and Sachin Jasvnt Barot are married.

ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION - 6

allegations involve Defendants presenting themselves at an authorized point of entry to make an asylum claim. Here, the alleged charged conduct involves covert behavior designed to deceive immigration officials. Immediately upon entering the United States, Defendants were charged with criminal offenses related to their entry. The Court finds that if released, there is a substantial incentive for Defendants to flee the United States while this matter is pending and seek out a country that will be more hospitable to their presence than Defendants have encountered by law enforcement to date.

The Court has considered various conditions, which it finds are insufficient to provide reasonable assurances that Defendants will not flee. Any kind of unsecured or partially secured bond would be ineffective. If a Defendant were to flee the country, there would be no way to effectuate the bond. Defendants have not identified any third-party individual who would offer to co-sign a bond nor any property to secure a bond. Typically, the Court seeks possession of a Defendant's passport to reduce the ability to flee. However, given the nature of the charge and surrounding circumstances, seizure of travel documents does not appear to be an effective tool to prevent flight. The Court further finds electronic home monitoring and GPS monitoring to be ineffective tools regarding the concern of flight, particularly foreign flight. When a monitoring device is removed or cut (which is what occurs when individuals flee), the Probation Officer receives an alert.

ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION - 7

However, there is no ability for the Probation Office to then locate an individual and prevent them from departing the District or the country. These devices are more effective in addressing concerns related to safety of the community or other non-compliance.

The Court recognizes that it is unusual to detain individuals charged with a misdemeanor offense. However, given the application of the statutory factors in this case, the Court finds by a preponderance of the evidence there are no conditions or combination of conditions other than detention that will reasonably assure the appearance of Defendants as required.

**IT IS SO ORDERED:**

1. The Defendants' Motion for Reconsider **(ECF No. 147) is DENIED.**

2. Defendants shall remain in Detention pending further order of the Court per the Court's previous orders (ECF Nos. 123, 124, 125, 126, 127).

DATED March 23, 2017.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE
