UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALKA PATEL, HETAL BAROT, SACHIN JASVNT BAROT, BHAVESH PATEL, and DARSHAN PATEL,<br><br>Defendants. | No. 2:17-CR-0034-TOR-2<br>No. 2:17-CR-0034-TOR-3<br>No. 2:17-CR-0034-TOR-4<br>No. 2:17-CR-0034-TOR-5<br>No. 2:17-CR-0034-TOR-6<br><br>MEMORANDUM OF PROCEEDINGS BEFORE THE SENTENCING MAGISTRATE JUDGE |

The five defendants in this cause are allegedly citizens of India. They were charged with illegal entry into the United States in violation of 8 U.S.C. § 1325, a petty offense carrying a maximum punishment of 6 months in custody and 5 years of probation. ECF No. 230-1-5.

On the day of their arrest, the Department of Homeland Security, Bureau of Customs and Immigration Enforcement (ICE) lodged deportation orders against each defendant.

After being denied pretrial release, all five defendants pleaded guilty as charged.

Defendants requested a sentence of probation, with conditions, with the goal of being out of custody while prosecuting their asylum claims before the immigration authorities. Defendants argued that such a sentence would effectively

MEMORANDUM - 1

shield them from being detained or deported during the term of probation, analogizing to case law holding that pretrial release on conditions per the Bail Reform Act precludes ICE action until the criminal case is adjudicated. *See United States v. Trujillo-Alvarez*, 900 F.Supp.2d 1167 (D. Or. 2012); *United States v. Blas*, 2013 U.S. Dist. LEXIS 135283 (S.D. Ala. 2013).

Defendants also asserted that 18 U.S.C. § 3563(b)(21) permits a court to order ICE not to interfere with a term of probation. Defendants argued that since this statute authorizes deportation as a discretionary condition of probation, it necessarily assumes discretion to impose a converse condition prohibiting deportation during probation.

The United States opposed probation and recommended a sentence of credit for time served. The United States asserted that the "jurisdiction stripping" provision of the Illegal Immigration Reform and Immigrant Responsibility Act, 8 U.S.C. § 1252(g), as interpreted in *Reno v. American-Arab Anti-Discrimination Committee*, 525 U.S. 471 (1999), prohibited this Court from interfering with any deportation proceedings which had not been reduced to a final order by immigration authorities.

The United States also cited 8 U.S.C. § 1231(a)(4)(A), to the effect that parole, supervised release, probation, or possibility of arrest or further imprisonment are not reasons to defer removal.

This Court determined that, considering the purposes of sentencing set forth 18 U.S.C. § 3553(a)(1) & (a)(2), it would be an abuse of discretion to order probation for the purpose of thwarting ICE proceedings. Since Defendants had no prior criminal records, had been adequately punished by their pretrial confinement, and manifested no circumstances requiring post-conviction monitoring (no ongoing threat to society due to violence, drug dependency or mental health issues, and no unmet obligations such as restitution), the Court sentenced Defendants to credit for time served and ordered their release.

MEMORANDUM - 2

The Court further found it did not have discretion to order a condition of probation prohibiting deportation.  The Court determined that the authorities and rationale requiring adjudication of a criminal charge before giving effect to ICE detainers was not applicable in a post-conviction setting.

Upon the Court's sentence and order of release, Defendants became subject to the previously lodged ICE "I-203" detainers and deportation orders.

Defendants filed a Notice of Appeal, but did not ask the Court to stay its sentence.  The Notice of Appeal creates a possibility of resentencing.  An appeal divests the trial court from control of those aspects of the case involved in the appeal.  *See United States v. Ortega-Lopez*, 988 F.2d 70, 72 (9th Cir. 1993), citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *Estate of Conners by Meredith v. O'Connor*, 6 F.3d 656 (9th Cir. 1993).  Accordingly, this Court entered an order releasing Defendants from custody, and directing they remain in contact with the United States Probation Office pending the appeal or resentencing.

DATED May 18, 2017.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE

MEMORANDUM - 3